UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA CANADY,

    Plaintiff,

v.                                                CASE NO.  8:16-cv-319-T-26AEP

MF HERITAGE, LLC d/b/a Heritage
Park Health and Rehabilitation Center,

    Defendant.
_____/

## O R D E R

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 13), and Plaintiff's Opposition (Dkt. 14).  After careful consideration of the argument of counsel and the allegations of the Second Amended Complaint (Dkt. 12), the Court concludes that the motion should be **denied**.  Defendant challenges the Plaintiff's addition of two counts in the Second Amended Complaint for handicap discrimination in violation of the Florida Civil Rights Act (FCRA) and disability discrimination in violation of the Americans with Disabilities Act, as amended (ADAAA)[1] as impermissibly coupling a mixed-motive claim under the Family Medical Leave Act (FMLA) with her ADA claim.  Defendant argues that a plaintiff may no longer

---

[1] "Congress made significant changes to the ADA by enacting the ADA Amendments Act of 2008 (the "ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553, which became effective on January 1, 2009." Mazzeo v. Color Resolutions Int'l, LLC, 746 F.3d 1264, 1267 (11th Cir. 2014).  The post-ADAAA version of the ADA is applied to claims arising after that date. Id.

bring an ADAAA claim based on mixed motive, but instead must specifically allege a "but-for" causation, that the employer took the adverse action because of the plaintiff's disability. See Savage v. Secure First Credit Union, 107 F.Supp.3d 1212, 1217 (N.D. Ala. 2015), pending appeal, (granting partial motion to dismiss in ADEA case based on failure to allege "but-for" causation based on age and holding that pleading alternative theories of liability is different from "irreconcilable contradictions and concessions as to an essential element of a particular claim.");[2] Dawson v. Wal-Mart Stores East, LP, ___ F.Supp.3d ___, 2016 WL 212984 (N.D. Ala. 2016) (granting stay of case pending outcome of Savage). Defendant contends that Plaintiff is required to "make an election as to which claim she wishes to allege."[3]

Accepting the factual allegations in the complaint as true and construing them in the light most favorable to the Plaintiff,[4] the Court finds that Plaintiff has properly pleaded her claims at this juncture, and the Eleventh Circuit has not yet decided Savage and whether the "but for" test will apply to FLMA and ADAAA claims alike.[5] As noted

---

[2] Oral argument is scheduled on appeal in the Eleventh Circuit for May 2016.

[3] See docket 13, p. 2, n.1.

[4] See Bishop v. Ross Earle & Bonan, P.A., ___ F.3d ___, 2016 WL 1169064 at *1 (11th Cir. Mar. 25, 2016) (quoting Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003), for the proposition that a court must accept the allegations of a complaint as true and construe those allegations in the light most favorable to the plaintiff).

[5] See Kirkland v. Southern Co. Servs. Inc., 2016 WL 880200, at *4 (N.D. Ala. Mar. 8, 2016) (noting that the Eleventh Circuit has declined to address whether an FMLA claim requires "but-for" causation and citing Coleman v. Redmond Park Hosp., LLC, 589

by Plaintiff, many district courts have permitted recent claims of both FMLA and ADAAA violations to proceed simultaneously, although the precise issue presented here may not have been raised in those cases. See, e.g., Mileski v. Gulf Health Hosp., Inc., 2016 WL 1295026 (S.D. Ala. Mar. 31, 2016); Saldana v. Public Health Trust of Miami-Dade Cnty., 2016 WL 452153 (S.D. Fla. Feb. 3, 2016).[6] Nevertheless, there is no need for the Plaintiff to elect at this early stage of the proceedings before some modicum of factual development occurs.

**ACCORDINGLY**, is it **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 13) is **DENIED**. The Defendant shall file its answer and defenses to the Plaintiff's Second Amended Complaint within **fourteen (14) days** of this order.

**DONE AND ORDERED** at Tampa, Florida, on April 21, 2016.

    s/*Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

F.App'x 436, 438-39 (11th Cir. 2014)).

   [6] See also Sierra v. Port Consol. Jacksonville, LLC, 2016 WL 927189 (M.D. Fla. Mar. 4, 2016), appeal pending, (order granting summary judgment); Caporicci v. Chipotle Mexican Grill, Inc., 2015 WL 1612014 (M.D. Fla. Apr. 9, 2015) (order denying motion to dismiss).